FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2021

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA C., | NO:  2:20-CV-03135-LRS |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment.  ECF Nos. 14 and 16.  This matter was submitted for consideration without oral argument.  The Plaintiff is represented by Attorney D. James Tree. The Defendant is represented by Special Assistant United States Attorney Sarah

_____

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER ~ 1

Moum.  The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 14, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 16.

## JURISDICTION

Plaintiff Joshua C.[2] filed for supplemental security income and disability insurance benefits on April 14, 2017, alleging an onset date of June 1, 2016.  Tr. 242-60.  Benefits were denied initially, Tr. 119-22, and upon reconsideration, Tr. 130-36.  A hearing before an administrative law judge ("ALJ") was conducted on October 29, 2019.  Tr. 14-45.  Plaintiff was represented by counsel and testified at the hearing.  *Id.*  The ALJ denied benefits, Tr. 106-18, and the Appeals Council denied review.  Tr. 1.  The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 36 years old at the time of the hearing.  *See* Tr. 288.  He stopped going to school in the eighth grade.  Tr. 25.  Plaintiff testified that he lives

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER ~ 2

with a friend.  Tr. 35.  Plaintiff has work history as a fast-food worker, delivery driver, waiter, dishwasher, warehouse worker, and kitchen helper.  Tr. 38-39. Plaintiff testified that his job ended because he would lose his temper and end up "throwing whatever is around"; and while at the job he was frequently transferred because he was late, he would call in sick, and he did not understand "what they wanted done."  Tr. 20-22.  He also testified that he cannot have a job because of his education level, his anxiety, and his anger issues. Tr. 29-30.

Plaintiff reported that he has had angry interactions with supervisors, and at one point threw a chair across the room.  Tr. 23-24.  He testified that he has trouble with reading, writing, and math.  Tr. 25.  Plaintiff reported that he does not like being around large groups of people, he keeps to himself, and he leaves his home once or twice a week.  Tr. 26.

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a

ORDER ~ 3

reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id.*  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER ~ 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

ORDER ~ 6

work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2016, the alleged onset date.  Tr. 111.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease; personality disorder; bipolar disorder; depressive disorder; anxiety disorder; and post-traumatic stress disorder.  Tr. 111.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 112.  The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds; frequently climb ramps or stairs; and must avoid concentrated exposure to excessive vibration.  He can perform simple routine tasks, in a routine work environment with simple work related decisions, and can have occasional superficial interaction with coworkers, supervisors, and the public.

ORDER ~ 7

Tr. 113.  At step four, the ALJ found that Plaintiff is unable to perform any past

relevant work.  Tr. 116.  At step five, the ALJ found that considering Plaintiff's

age, education, work experience, and RFC, there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform, including: grain

picker, merchandise marker, and maid.  Tr. 117-18.  On that basis, the ALJ

concluded that Plaintiff has not been under a disability, as defined in the Social

Security Act, from June 1, 2016, through the date of the decision.  Tr. 118.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

him disability insurance benefits under Title II of the Social Security Act and

supplemental security income benefits under Title XVI of the Social Security Act.

ECF No. 14.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly considered Plaintiff's symptom claims;

2.  Whether the ALJ properly considered the medical opinion evidence; and

3.  Whether the ALJ properly considered the lay witness testimony.

## DISCUSSION

### A. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's

testimony regarding subjective pain or symptoms.  "First, the ALJ must determine

whether there is objective medical evidence of an underlying impairment which

could reasonably be expected to produce the pain or other symptoms alleged."

*Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not

ORDER ~ 8

required to show that her impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 114.

ORDER ~ 9

First, the ALJ noted that Plaintiff reported improvement in symptoms with medication adjustment.  Tr. 114 (citing Tr. 428, 538).  A favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).  In support of this finding, the ALJ cited two treatment records: (1) in September 2017 Plaintiff reported improvement after his medication was adjusted, and (2) in January 2018 Plaintiff reported "his mood had improved" and he was using medication for anxiety "with benefit."  Tr. 114, 538.  However, as noted by Plaintiff, at the September 2017 visit Plaintiff also reported that he was having "intrusive, auditory hallucinations that can be command in nature to harm himself," and the January 2018 treatment note recounted a recent visit during which Plaintiff made verbal threats toward his therapist.  Tr. 428, 538.  Moreover, the ALJ cited Plaintiff's report that he had not used Valium or Xanax recently; however, "this was not for lack of symptoms, but rather because his provider told him not to use these medications."  ECF No. 14 at 6 (citing Tr. 549 (also noting he was purchasing these medications "on the streets")).  Thus, based solely on these two treatment notes, alleged improvement in Plaintiff's symptoms with the use of medication was not a clear and convincing reason, supported by substantial evidence, to discount her symptom claims.

Second, the ALJ cited one December 2017 treatment record indicating that Plaintiff was "only modestly engaged in therapy and rarely uses skills outside of agency and that he was likely seeking secondary gains from his mental health care

ORDER ~ 10

providers in terms of approval for disability benefits." Tr. 114 (citing Tr. 397 (noting homework for therapy was not completed), 783).  As an initial matter, while an ALJ may consider motivation and the issue of secondary gain in evaluating symptom claims; this single statement cited by the ALJ is not substantial evidence to support a conclusion that Plaintiff was motivated by secondary gain. [3]  *See Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992).  Moreover, unexplained, or inadequately explained, failure to follow a prescribed course of treatment may be the basis for discounting Plaintiff's symptom claims unless there is a showing of a good reason for the failure.  *Orn v.*

_____

[3] Plaintiff argues at length that the evidence relied on by the ALJ in making this finding, which consisted of a single treatment note indicating that Plaintiff was "likely seeking secondary gains," was "brought [] forward based on [the provider's] misreading of a treatment note from August 2017."  ECF No. 14 at 8.  However, as noted by Defendant, "there is nothing in the record to indicate [the provider's] understanding of [Plaintiff's] reports was based only on a reading of treatment notes."  ECF No. 16 at 5.  Moreover, the Court is not permitted to consider this reasoning because it was not offered by the ALJ in the decision as a reason to discount Plaintiff's symptom claims.  *See Bray*, 554 F.3d at 1226 (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

ORDER ~ 11

*Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, as noted by Plaintiff, the record indicates that he "persistently worked with Dr. Powers to find the right combination of medications," and his therapists' treatment notes consistently observe that Plaintiff was engaged in sessions and attempting to use skills to regulate his mood or improve functioning. See Tr. 538, 543, 552, 675, 682, 692, 695, 706, 723, 733-34, 741, 747, 918. Finally, and perhaps most notably, this finding "is contrary to the ALJ's own conclusion at the end of the [same] paragraph noting [Plaintiff] was actively working to try to moderate his moods and use his skills." ECF No. 14 at 6-7 (citing Tr. 114-15). For all of these reasons, the ALJ's brief reference to Plaintiff's alleged poor compliance with treatment, and a single citation to "likely" secondary gain motivation, were not specific, clear, and convincing reasons to reject Plaintiff's symptom claims.

Third, the ALJ generally noted, without citation to the record, that "although [Plaintiff] reports his mental health issues have been longstanding, he has been able to maintain jobs for more than 3.5 year periods, [and] he has not been incarcerated or arrested for any behavioral or anger related issues during the period at issue." Tr. 115. As an initial matter, as indicated by Plaintiff, a mere lack of criminal history does not support an inference that aggressive or violent behavior did not occur. ECF No. 14 at 11. Moreover, in considering Plaintiff's symptom claims, the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The relevance of Plaintiff's

ORDER ~ 12

criminal history, or lack thereof, in this context is unclear to the Court, and therefore does not qualify as a specific, clear and convincing reason to discount Plaintiff's symptom claims.

Next, the ability to work can be considered in assessing Plaintiff's symptom claims. *Bray,* 554 F.3d at 1227; *see also* 20 C.F.R. § 404.1571 (employment "during any period" of claimed disability may be probative of a claimant's ability to work at the substantial gainful activity level). However, "occasional symptom-free periods – and even the sporadic ability to work – are not inconsistent with disability." *Lester*, 81 F.3d at 833); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed,* that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment."). Moreover, Plaintiff's work history prior to his alleged onset date are generally of limited probative value. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Here, the ALJ offered no evidence as to when the referenced "3.5 year periods" of work occurred, nor did she consider evidence in the record that Plaintiff was fired from his previous job "due to anger issues." *See* ECF No. 14 at 12 (citing Tr. 22-24). Thus, the ALJ's rejection of Plaintiff's claims based on his sporadic ability to work prior to the alleged onset date, is not a clear and convincing reason, supported by substantial evidence, to reject his symptom claims.

1        Fourth, the ALJ noted that Plaintiff has "successfully lived with another

2    adult for a number of years"; and he "drives, goes shopping, gets along with family

3    members and, . . . he has successfully used learned skills in dealing with his anger

4    issues." Tr. 115. Thus, the ALJ concluded that Plaintiff's "behaviors and conduct

5    demonstrate he is better able to control his anger and aggression than he suggests."

6    Tr. 115. A claimant need not be utterly incapacitated in order to be eligible for

7    benefits. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Orn*, 495 F.3d

8    at 639 ("the mere fact that a plaintiff has carried on certain activities . . . does not

9    in any way detract from her credibility as to her overall disability."). Regardless,

10    even where daily activities "suggest some difficulty functioning, they may be

11    grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict

12    claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. However,

13    in considering Plaintiff's symptom claims, the ALJ "must specifically identify the

14    [symptom claims] she or he finds not to be credible and must explain what

15    evidence undermines the testimony." *Holohan v. Massanari,* 246 F.3d 1195, 1208

16    (9th Cir. 2001). Here, as noted by Plaintiff, the ALJ failed to explain what

17    Plaintiff's ability to drive and go shopping "had to do with managing his anger";

18    nor did the ALJ consider Plaintiff's reports that he only shops with someone else,

19    "and even then, he abandons his cart about half the time." *Id*. (citing Tr. 27, 659).

20    Moreover, as to the ALJ's finding that Plaintiff "successfully lived" with another

21    adult, the record also contains evidence that Plaintiff avoids family and shows

irritability, has been aggressive toward a roommate on at least one occasion, and

ORDER ~ 14

1  has made threats toward medical providers and roommates.  ECF No. 14 at 11

2  (citing Tr. 35, 344, 433, 546, 766, 819).  Based on the foregoing, the ALJ's general

3  reference to an inconsistency between Plaintiff's alleged inability to control his

4  aggression, and his ability to live with others, shop, and drive, is not a clear and

5  convincing reason, supported by substantial evidence, to discredit the entirety of

6  Plaintiff's symptom claims.

7      Fifth, and finally, the ALJ briefly noted that Plaintiff "had unremarkable

8  mental status exams throughout the period at issue."  Tr. 114.  The medical

9  evidence is a relevant factor in determining the severity of a claimant's pain and its

10  disabling effects.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20

11  C.F.R. § 404.1529(c)(2).  However, an ALJ may not discredit a claimant's pain

12  testimony and deny benefits solely because the degree of pain alleged is not

13  supported by objective medical evidence.  *Rollins*, 261 F.3d at 857; *Bunnell v.*

14  *Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601

15  (9th Cir. 1989).  In support of this finding, the ALJ cited mental status

16  examinations that noted Plaintiff was alert, was oriented in all spheres, had normal

17  speech, had congruent affect, had intact attention and concentration, and was at

18  "baseline" memory.  Tr. 114, 381, 392, 404, 415, 429, 456, 539.  However, as

19  noted by Plaintiff, mental status examinations throughout the relevant adjudicatory

20  record also include observations that he was anxious, depressed, tearful or crying,

21  had psychomotor agitation, had flat affect, was agitated or annoyed, had poor

insight, reported auditory hallucinations, had impaired eye contact, and had racing

ORDER ~ 15

thoughts.  ECF No. 14 at 4 (citing Tr. 314-15, 376, 381, 396-97, 399, 402, 426, 433, 546, 549, 556, 658, 661-62, 678, 687, 701, 758, 764, 769, 860, 912, 931, 953).

Moreover, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective testing and physical examinations, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  As discussed in detail above, the additional reasons given by the ALJ for discounting Plaintiff's symptom claims were legally insufficient.  Thus, because lack of corroboration by objective evidence cannot stand alone as a basis for a rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.  On remand, the ALJ must reconsider Plaintiff's symptom claims.

## B. Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific

ORDER ~ 16

evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL

168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a),

416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all

medical opinions or prior administrative medical findings from medical sources.

20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating

the persuasiveness of medical opinions and prior administrative medical findings

include supportability, consistency, relationship with the claimant (including

length of the treatment, frequency of examinations, purpose of the treatment,

extent of the treatment, and the existence of an examination), specialization, and

"other factors that tend to support or contradict a medical opinion or prior

administrative medical finding" (including, but not limited to, "evidence showing a

medical source has familiarity with the other evidence in the claim or an

understanding of our disability program's policies and evidentiary requirements").

20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

       Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered.  20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in

the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative medical
> finding(s), the more persuasive the medical opinions or prior
> administrative medical finding(s) will be.

1

2

3

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

4

5

6

7

8

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not

required to, explain how the other factors were considered. 20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).[4] However, when two or more medical opinions

or prior administrative findings "about the same issue are both equally well-

supported ... and consistent with the record ... but are not exactly the same," the

9

10

11

12

13

14

15

16

17

18

19

20

21

_____

[4] Defendant argues that the standards articulated by Plaintiff for considering

medical opinion in cases filed on or after March 27, 2017 do not apply because

they are inconsistent with the new regulatory scheme. ECF No. 16 at 12-14.

However, the Court finds that resolution of whether an ALJ is still required to

provide specific and legitimate reasons for discounting a contradicted opinion from

a treating or examining physician is unnecessary to the disposition of this case. "It

remains to be seen whether the new regulations will meaningfully change how the

Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the

Ninth Circuit will continue to require that an ALJ provide 'clear and convincing'

or 'specific and legitimate reasons' in the analysis of medical opinions, or some

variation of those standards." *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL

3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-

5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).

ORDER ~ 18

ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Here, Plaintiff was examined by psychologists in March 2017 and January 2019. In March 2017, R.A. Cline, Psy.D. examined Plaintiff and assessed marked limitations in his ability to communicate and perform effectively in a work setting, and maintain appropriate behavior in a work setting. Tr. 374. In January 2019, T. Bowes, Psy.D. examined Plaintiff and opined that he had marked limitations in his ability to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting, complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. Tr. 902.

As an initial matter, the Court notes that the ALJ did not make any explicit findings as to whether she found these opinions "persuasive," as per the regulations. *See* Tr. 115-16. Instead, the ALJ noted that both Dr. Bowes and Dr. Cline did not review any additional records prior to making their respective assessments, and further noted that Dr. Cline "documented a generally unremarkable mental status exam." Tr. 115. The extent of medical records reviewed by the examining providers arguably goes to the supportability factor under the new regulations; however, the regulations specifically direct that the

ORDER ~ 19

more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion, the more persuasive the medical opinion will be.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The only finding by the ALJ as to the amount of supporting explanation provided by Dr. Cline and Dr. Bowes is a passing reference to "generally unremarkable mental status exam[s]."  Tr. 115-16.  However, as noted by Plaintiff, the ALJ failed to consider the results of these providers' clinical interviews and mental status examinations, which included findings of fair to marginal eye contact, "somewhat passive aggressive," slightly flattened affect, dysphoric mood, thought content not within normal limits, endorsed suicidal ideation and auditory hallucinations, did not know the date, limited fund of knowledge, abstract thought not within normal limits, concentration not within normal limits, insight poor or marginally intact, and judgment intact "at a basic level."  Tr. 375-76, 903-04.  Dr. Cline and Dr. Bowes also performed a Rey test that found Plaintiff gave an excellent level of effort with no evidence of malingering, and a Beck Depression Inventory test that indicated severe depressive symptoms.  Tr. 372, 901.  Based on the foregoing, the Court finds any finding by the ALJ as to supportability was not supported by substantial evidence.

Second, as to consistency, the ALJ generally found that both opinions, respectively, were inconsistent with Plaintiff's treatment records, and Dr. Bowes' opinion was also "inconsistent with documented mental status exams."  Tr. 116.  In support of this finding, the ALJ relied entirely upon Dr. Cline and Dr. Bowes' own

ORDER ~ 20

1    mental status examination results, performed as part of their examinations, and a

2    general reference to Plaintiff's treatment record "as discussed [in the section of the

3    decision addressing Plaintiff's symptom claims]." Tr. 116, 371-76, 903. However,

4    as discussed above, (1) the ALJ failed to consider the mental status examinations

5    performed by Dr. Cline and Dr. Bowes in their entirety, and (2) the ALJ's rejection

6    of Plaintiff's symptom claims was not supported by substantial evidence.

7    Moreover, as noted by Plaintiff, the ALJ "did not name a single inconsistency" in

8    support of this finding. ECF No. 14 at 16, 18. A court "cannot substitute [the

9    court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's

10   conclusions. Although the ALJ's analysis need not be extensive, the ALJ must

11   provide some reasoning in order for [the court] to meaningfully determine whether

12   the ALJ's conclusions were supported by substantial evidence. *Brown-Hunter v.*

13   *Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). Based on the foregoing, the Court finds

14   the ALJ's conclusory finding that Dr. Bowers and Dr. Cline's opinions were

15   inconsistent with Plaintiff's "treatment records" is not supported by substantial

16   evidence.

17        The Court therefore finds the ALJ failed to adequately evaluate Dr. Cline

18   and Dr. Bowers' opinions in terms of consistency and supportability, as required

19   by the new regulations. Particularly in light of the need to reconsider Plaintiff's

20

21

ORDER ~ 21

symptom claims, as discussed in detail above, Dr. Bowers and Dr. Cline's opinions must be properly reevaluated on remand.[5]

**C. Lay Witness Testimony**

Finally, Plaintiff challenges the ALJ's consideration of the lay witness testimony.  ECF No. 14 at 19-20.  The ALJ found the third-party statement was generally persuasive, as it was "consistent with the objective record and [Plaintiff's] statements on his limitations."  Tr. 115.  Plaintiff argues the ALJ erred because she found the lay witness statement persuasive, but failed to include limitations noted by the lay witness in the assessed RFC.  *See* Tr. 322.  The Court notes that for disability claims filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources, including family members and friends.  20 C.F.R. §§ 404.1520c(d), 404.1502(e).  In light of the new regulations, and the need to remand for reevaluation of Plaintiff's symptom claims and the medical opinion evidence,

---

[5] Plaintiff additionally argues that the ALJ improperly considered the opinion of state agency "source" J. Anderson, Ph.D.  ECF No. 14 at 14.  In light of the need to reconsider Plaintiff's symptom claims, and the opinions of the examining providers Dr. Cline and Dr. Bowers, the Court declines to consider this issue here.  On remand, the ALJ must reconsider all of the medical opinion evidence under the new regulations.

ORDER ~ 22

the Court declines to address this challenge here. The ALJ may articulate how she evaluates this non-medical evidence on remand, as she deems appropriate.

## CONCLUSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings

ORDER ~ 23

would serve a useful purpose).  Here, the ALJ improperly considered Plaintiff's symptom claims and the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence.  "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."  *Treichler*, 775 F.3d at 1101.  Instead, the Court remands this case for further proceedings.  On remand, the ALJ must reconsider Plaintiff's symptom claims. The ALJ must also reconsider the medical opinion evidence under the new regulations, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence.  If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert.  Finally, the ALJ should reconsider the remaining steps the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

ORDER ~ 24

1       The District Court Clerk is directed to enter this Order and provide copies to

2  counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

3       **DATED** October 28, 2021.

4

5                        LONNY R. SUKO

                    Senior United States District Judge

ORDER ~ 25